# In the United States Court of Federal Claims

| | |
|---|---|
| AMERICAN ACCESS, INC., *Plaintiff*, v. THE UNITED STATES, *Defendant*, and DVJAHN, INC., *Defendant-Intervenor*. | No. 25-cv-1322 (Filed: December 12, 2025) |

Richard Joe Rupert Raleigh, Jr., Womble Bond Dickinson (US) LLP, Huntsville, AL, for Plaintiff.

An Hoang, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

Aron Caraway Beezley, Bradley Arant Boult Cummings LLP, Washington, DC, for Defendant-Intervenor.

## ORDER GRANTING MOTION TO REMAND

Meriweather, Judge.

    This case concerns contracts awarded to Plaintiff, American Access, Inc. ("American Access"), to supply modular aluminum ramps and associated services to the Department of Veterans Affairs ("VA") under Solicitation 36C77623R0021. Compl. at 1, 3, ECF No. 1. The VA evaluated proposals on a Lowest Price Technically Acceptable ("LPTA") basis. *Id*. at 3. The VA determined American Access' proposal was technically acceptable and offered the lowest price. *Id*. Intervenor DVJahn, Inc. ("DVJahn"), a disappointed bidder, challenged the contract award before the Government Accountability Office ("GAO"). *Id*. at 1–2.

    Instead of responding to the challenge, the VA filed a Notice of Corrective Action stating it intends to review the terms of the Solicitation, potentially amend or reissue the Solicitation, allow offerors to submit new proposals, and reevaluate offerors' proposals. *Id*. at 5. After the GAO dismissed the challenge as academic, American Access filed a post-award bid protest in this Court alleging the Notice of Corrective Action is arbitrary and capricious and lacks a rational basis. *Id*. at 6. Without confessing error, the United States filed a Motion to Remand contending that the Administrative Record does not contain the VA's reasoning for the corrective action, which makes the decision inadequate for judicial review. Mot. to Remand at 1,

ECF No. 22. The United States appended the Notice of Corrective Action to its Motion. *Id.*, Ex. A (Notice of Corrective Action). The United States seeks a seven-day remand. *Id.* at 6. Having considered the parties' legal filings[1] and relevant legal authority, the Court **GRANTS** the Motion and remands this case for seven days for the VA to provide an explanation of its reasoning at the time of the decision to take corrective action.

## STANDARD OF REVIEW

The U.S. Court of Federal Claims has jurisdiction over federal procurement disputes and evaluates a procurement official's decision under the standards set forth in the Administrative Procedure Act. 28 U.S.C. §§ 1491(b)(1), (b)(4). The Court must determine whether: "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001) (citations omitted). "[T]he contracting agency [must have] provided a coherent and reasonable explanation of its exercise of discretion." *Id.* at 1333 (citation omitted).

The Court has "the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2). "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The Court may either "remand for the agency to . . . offer a fuller explanation of the agency's reasoning *at the time of the agency action*" or for "*new* agency action." *Dep't of Homeland Sec. v. Regents of the Univ. of California,* 591 U.S. 1, 20–21 (2020) (internal quotation omitted). On remand, the agency may not rely on post hoc rationalizations developed during litigation to justify its original decision. *See IAP Worldwide Servs., Inc. v. United States*, 160 Fed. Cl. 57, 76 (2022) (citing *Regents*, 591 U.S. at 20).

Where, as here, an agency requests a remand without confessing error, the Court "has discretion over whether to remand." *SKF USA Inc. v. United States,* 254 F.3d 1022, 1029 (Fed. Cir. 2001). If the Government's concern is "substantial and legitimate, a remand is usually appropriate." *Id.* The "Government's concerns are substantial and legitimate where (1) it provides a 'compelling justification for its remand request,' (2) 'the need for finality does not outweigh the [Government's] justification for voluntary remand,' and (3) 'the scope of [its] remand request is appropriate.'" *Larkin v. United States*, 177 Fed. Cl. 17, 23 (2025) (quoting *Keltner v. United States*, 148 Fed. Cl. 552, 5654 (2020)) (alterations in original).

## DISCUSSION

All three prongs support remand. First, the United States has provided a compelling justification that the record is inadequate for review. *See* Mot. to Remand at 1; *see also Larkin*, 177 Fed. Cl. at 23 (citation omitted). The VA's Notice of Corrective does not contain sufficient

---

[1] The following filings are relevant to this order: Compl.; Mot. to Remand; Pl.'s Resp. to Mot. Remand, ECF No. 25; Def.'s Reply to Pl.'s Resp. to Mot. to Remand, ECF No. 26. Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (*e.g.*, *1), in which case the reference is to the pagination assigned by PACER/ECF.

reasoning for this Court to undertake proper judicial review; in fact, the Notice does not contain any reasoning at all.  *See* Mot. to Remand, Ex. A at 1–2.  American Access contends that the VA cites the allegations in DVJahn's GAO protest as the basis for the Notice of Corrective Action.  Pl.'s Resp. to Mot. to Remand at 3.  But the Notice does not support that contention.  The VA merely recounted DVJahn's GAO protest and did not cite to any allegations to justify taking corrective action.  Mot. to Remand, Ex. A at 1.  Instead of responding to the allegations, the VA only stated—without providing a justification—that "[d]ismissal of [the GAO] protest in its entirety is warranted because VA is taking corrective action."  *Id.*  This statement does not indicate "the determinative reason for the final action taken."  *Regents*, 591 U.S. at 21 (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)).  Since the Notice is insufficient for the Court to evaluate whether the VA's decision lacks a rational basis, remand is appropriate.[2]  *See Lorion*, 470 U.S. at 744; *see also Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 260 F.3d 1365, 1380 (Fed. Cir. 2001) (holding remand is appropriate when "[i]t may be that the agency can provide a reasonable explanation for its decision[,] . . . [b]ut it has not yet done so"); *CAN Softtech, Inc. v. United States*, 177 Fed. Cl. 379, 401 (2025) (quoting *Camp*, 411 U.S. at 143) (finding that where the record does not contain the agency's rationale, "courts typically order the [agency] to provide 'such additional explanations of the reasons for the agency decision as may prove necessary'").  Further, the United States' request for a seven-day remand is appropriately limited in time—which means the need for finality does not outweigh the United States' justification—and limited in scope to the Notice of Corrective Action.  *See Larkin*, 177 Fed. Cl. at 23 (citation omitted); *see also* 28 U.S.C. § 1491(b)(3) (requiring the Court to "give due regard to the . . . need for expeditious resolution of" bid protests).

      As American Access notes, the Motion to Remand suggests that the VA does not intend to truly "reconsider" its decision and instead seeks to provide, for the first time, an explanation of its reasoning for its original decision to take corrective action.  *See* Pl.'s Resp. to Mot. to Remand at 9.  The United States attaches a declaration from the contracting officer detailing the reasoning the VA will presumably include in a fuller explanation of its decision.  *See* Mot. to Remand, Ex. B at 2–3.  The United States' filings do not indicate that the VA intends to undertake a "new" decision-making process or that the outcome on remand may not involve taking corrective action.  However, this does not preclude the Court from remanding to the VA.  The Court may remand for "a fuller explanation of the agency's" original decision, but the agency is limited to its reasoning "*at the time of the agency action.*"  *Regents*, 591 U.S. at 20.  If necessary, the Court can determine after remand whether the VA has offered an impermissible post hoc rationalization for its original decision or whether the record indicates the contracting officer credibly relied on the stated reasons when deciding to take corrective action in the first instance.

---

    [2] American Access also argues the United States' Motion to Remand is premature since this Court has not had the chance to review the Administrative Record.  Pl.'s Resp. to Mot. to Remand 2, 8–9.  However, the Court does have the VA's Notice of Corrective Action, which neither party disputes is the entire record of the VA's decision.  *See* Mot. to Remand, Ex. A.  Thus, the Court can properly evaluate whether the VA has provided an adequate rationale for its decision to take corrective action or whether remand is appropriate.  *See Impresa,* 238 F.3d at 1333, 1338.

To be sure, the VA cannot circumvent the prohibition on providing post hoc rationalizations for its original decision by seeking a remand to take "new" agency action where the outcome is predetermined. *See Philippeaux v. United States,* No. 2021-1466, 2021 WL 4059100, at *4 (Fed. Cir. Sept. 7, 2021) (finding remand is improper when the agency merely seeks a "second chance to come up with some new reason" for the same outcome); *Keltner*, 148 Fed. Cl. at 565 (determining the Government has not articulated a substantial and legitimate reason to remand when it seeks to write a new decision with a predetermined outcome); *Thomassee v. United States*, 158 Fed. Cl. 233, 239 (2022) (holding a remand to take new agency action "may not be appropriate when . . . the result of a potential remand is a foregone conclusion"). But the Court can remand for the agency to provide the contemporaneous reasoning for its original decision. *Regents*, 591 U.S. at 20. If the VA exceeds those limits on the scope of the remand, American Access can present that issue to the Court in the post-remand proceedings and briefing.

## CONCLUSION

For the reasons articulated above, the Court **GRANTS** Defendant's Motion to Remand. Pursuant to Rule 52.2 of the Rules of the Court of Federal Claims, the case **SHALL BE REMANDED** to the VA to provide an explanation of its decision to take corrective action, limited to its reasoning at the time of the decision. The remand shall be for a period of **seven days**. Following the outcome of the remand, the parties are **ORDERED** to hold a settlement conference. Subsequently, the parties are **ORDERED** file a Joint Status Report on or before **January 12, 2026**, which shall include the outcome of that settlement conference and, if necessary, a proposed schedule for further briefing. The Clerk of the Court is **DIRECTED** to serve a copy of this Order to:

> Natica Chapman Neely
> Department of Veterans Affairs
> Office of General Counsel
> 810 Vermont Ave. NW
> Washington, D.C. 20420

**IT IS SO ORDERED**.

ROBIN M. MERIWEATHER
Judge